IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL RICHARDSON, et al.,** <br><br> Plaintiff, <br><br> vs. <br><br> **FIRST AMERICAN TITLE INSURANCE COMPANY, et al.,** <br><br> Defendant. | No. CV-F-98-5393 OWW/DLB <br><br> **MEMORANDUM DECISION AND ORDER DENYING THE RICHARDSONS' MOTION FOR RELIEF FROM NEWLY DISCOVERED ABSTRACT OF JUDGMENT IN CLOSED CASE (Doc. 1630)** |

On September 19, 2007, an "Abstract of Judgment - Civil" was filed by David A. Roberts of the law firm Caswell, Bell & Hillison, LLP on behalf of judgment creditor Juliann Cisneros fka Juliann Sanchez. (Doc. 1629). The Abstract of Judgment names as judgment debtors Michael A. Richardson and Sammye A. Richardson; states that the judgment was entered on March 6, 2002; and states that the "[t]otal amount of judgment as entered or last renewed: $973,261.04."

On October 1, 2007, the Richardsons, proceeding *in pro per*,

filed a pleading captioned:

> NOTICE OF MOTION AND MOTION FOR RELIEF FROM
> NEWLY DISCOVERED ABSTRACT OF JUDGMENT GENERAL
> FORM [Fed. R. Civ. P. 59(e); Fed. FR. Civ. P.
> 60(b) TO COMPEL COURT TO DISMISS ABSTRACT AS
> A DUE PROCESS MATTER AND IN THE ALTERNATIVE
> MOTION COMPELS COURT CLERK TO CALENDAR
> EVIDENTIARY HEARINGS ON SUBSTANTIVE ISSUES OF
> MATERIAL FACTS SOME DISPUTED OTHERS
> UNDISPUTED RAISED BY MOVANTS AS GROUNDS FOR A
> DISPOSITIVE RULING IN FAVOR OF AN ORDER TO
> DISMISS; RESCIND OR VACATE THE SEPTEMBER 12,
> 2007 ABSTRACT OF JUDGMENT

(Doc. 1630). The Richardsons filed an Affidavit in support of their motion. (Doc. 1631). On October 12, 2007, the Richardsons filed a pleading captioned:

> JURY TRIAL DEMANDED
> MEMORANDUM BRIEFLY SETS FORTH RIGHT TO
> EXERCISE LR-78-4.02(b) IN THE ABSENCE OF
> DISMISSAL OF ABSTRACT OF JUDGMENT FOR FAILURE
> OF ('CB&H') TO COMPLY WITH ATTACHED LOCAL
> RULES IN ITS HASTE TO OBTAIN A TECHNICALLY
> AND LEGALLY FLAWED ORDER OVER AND ABOVE ITS
> NON COMPLIANCE WITH Fed. Civ. P. R.
> 12(b)(1)(2)(3)(4)(5)(6) TO SEEK RE-
> ADJUDICATION FOR A TITLE 11 MATTER PRIORILY
> HEARD AND OVER PAID THROUGH BANKRUPTCY COURT
> AS A SECURED CLAIM DESPITE BEING LATE IN ITS
> ATTEMPT TO COLLECT.

(Doc. 1636). Also on October 12, 2007, the Richardsons filed a pleading captioned:

> SUPPLEMENT
>
> NOTICE OF MOTION & MOTION TO DISMISS ABSTRACT
> OF JUDGMENT PURSUANT TO Fed. Civ. P. R.
> 12(b)(1)(2)(3)(4)(5)(6); IN THE ALTERNATIVE,
> COURT TAKE ITS DIRECTIVE FROM 28
> §1407(a)(b)(c) et seq. (d); THE CLAYTON ACT;
> FOR LEGAL DEFICIENCIES CONFRONTING COURT FROM
> CONTINUING TO ADJUDICATE A TRIAL THAT
> CONCLUDED NOVEMBER 02, 2001; MEMORANDUM OF
> POINTS AND AUTHORITIES TO COMPEL DISMISSAL
> [Fed. R. Civ. P. 59(c) and/or (e)]; Fed. R.

Civ. P. 60(b)] TO BE ADDRESSED AS A DUE PROCESS MATTER FOR DISPUTED EVIDENTIARY MATERIAL FACTS THAT LAY BARE THE ABSENCE OF GROUNDS TO ALLOW HAULING OF NON LITIGANTS BY PRINCIPALS, AGENTS, ASSIGNS, OFFICERS OF ('CB&H')/('FATCO') IN A BACK POCKET VENUE BY QUESTIONAL MEANS AND WITH MOTIVES OTHER THAN ECONOMIC TO DEPRIVE NORMAL LIFE LIBERTY AND PROPERTY RIGHTS BY AND THROUGH '*FRAUDULENT CONCEALMENT*'  SEE EX. MARKED ANDREESEN (Doc. 1637).  On October 15, 2007, the Richardsons filed a pleading stating "(REPLACE PAGES 1, 2, 8, 19, 20, 23) OF DOCUMENT MARKED SUPPLEMENT" but otherwise stating the caption as quoted above in Doc. 1637.  (Doc. 1638).

Juliann Sanchez opposes these motions.  Sanchez asserts that, after the entry of judgment in favor of Sanchez, Sammye Richardson filed a Chapter 13 petition in the United States Bankruptcy Court for the Eastern District of California, Case No. 01-17521-A-13, which was dismissed by Order filed on July 9, 2003; that Michael Richardson filed a Chapter 7 petition in the United States Bankruptcy Court for the Eastern District of California, Case No. 02-10810-A-7, and that Judgment Denying Discharge of Michael Amir Richardson was filed on June 1, 2005; and that Sammye A. Richardson filed a Chapter 7 petition in the United States Bankruptcy Court for the Eastern District of California, Case No. 0210465-A-7, and that Judgment Denying Discharge of Sammye A. Richardson was filed on June 1, 2005. Sanchez asserts that the judgment remains executory, that nothing has been paid to her on the judgment, and that the issuing and recording of an Abstract of Judgment is a legally authorized

method to attempt to collect upon any money judgment awarded by a court, citing California Code of Civil Procedure § 674.

At the November 18, 2007 hearing on the Richardsons' motions described above, only Sammye Richardson appeared. At the November 18, 2007, hearing Ms. Richardson asserted that Bankruptcy Judge Rimel discharged Rock of Gibralter LLC and that Juliann Sanchez's claim in bankruptcy was disallowed because it was untimely filed. At the conclusion of the hearing, the Richardsons were ordered to file copies of those bankruptcy orders by January 14, 2008, Defendants were ordered to respond by January 24, 2008, at which time the Court stated that this motion is submitted.

On January 14, 2008, the Richardsons filed a pleading captioned:

> COMPLIANCE WITH NOVEMBER 19, 2007 TO PROVIDE ADDITIONAL DOCUMENTS RENDERING INSTANT LIEN BY CASWELL BELL & HILLISON UNENFORCEABLE AND VOID AB INITO [sic] CONTROLLED BY FED R. OF EVIDENCE R. 401, FOR CONCEALMENT OF 'RELEVANT EVIDENCE' BY Caswell BELL & HILLISON IN PARTICIPATION WITH CLIENT OR ON ITS OWN.

(Doc. 1641).[1] On January 23, 2008, Defendants' filed their supplemental opposition to the Richardsons' January 14, 2008 pleading. (Doc. 1645).

On January 30, 2008, the Richardsons filed a pleading captioned:

---

[1] On January 18, 2008, the Richardsons filed a pleading in response to the November 19, 2007 order, (Doc. 1643), which appears to be identical to that filed on January 14, 2008. Because of this and because this pleading was filed late, it is disregarded.

4

>     **NOTICE OF MOTION AND REQUEST OF DISMISSAL OF RESPONSE TO DC# 1645 OR A TRIAL BY JURY FOR EVIDENTIARY ISSUES AND FOR ORDER TO SHOW CAUSE WHY LIEN SHOULD NOT BE DISMISSED IN LIGHT OF EX. TO DC# 1641-DC# 1644 AND ATTACHED EXHIBITS.**

(Doc. 1646).[2]  On January 31, 2008, the Richardsons filed a pleading captioned:

>     **FIRST AMENDMENT TO DC# 1646 FILED JANUARY 30, 2008**
>
>     **NOTICE OF MOTION AND REQUEST OF DISMISSAL OF 'CB&H' RESPONSE DOCKETED DC# 1645 AND IN THE ALTERNATIVE COURT ALLOW FOR AN ORDER TO SHOW CAUSE WHY A TRIAL BY JURY FOR EVIDENTIARY ISSUES OF THE UNLAWFUL IMPOSITION OF MULTIPLE LIENS SHOULD NOT BE ADJUDICATED IN THE EVENT CB&H DOES NOT WITHDRAW ITS LIENS IN LIGHT OF EXS ATTACHED TO DC# 1641-DC# 1644 AND DC #1646.**

(Doc. 1647).  On February 8, 2008, the Richardsons filed a pleading captioned:

>     **SUPPLEMENT EX. F TO FIRST AMENDMENT TO DC# 1646 FILED 01/30/2008 AND DC# 1647 filed 01/30/2008**

(Doc. 1649).[3]

    A.   **BACKGROUND**.

    On March 5, 2002, a Final Judgment on Verdicts of Trial Jury (Judgment) was entered.  (Doc. 1168).  The Judgment states in

---

[2]**Doc. 1646 is described on the docket as "CORRECTIONS by Sammye A. Richardson re <u>1645</u> Memorandum/Response in Opposition to Motion."**

[3]**Docs. 1646, 1647 and 1649 are disregarded for all purposes in this action.  These motions were not noticed for hearing as required by Local Rule; they were not allowed to be filed by the November 19, 2007 oral order; the arguments made in the motion constitute a collateral attack on rulings of the Bankruptcy Court, which are final and over which this Court has no jurisdiction.**

**pertinent part:**

> This case was tried before a jury over the period August 23, 2001 to November 1, 2001.
>
> ...
>
> On October 23, 2001 the jury found the attached special verdicts, marked Ex. A. incorporated by this reference, in favor of defendants, First American Title Insurance Company and Nancy Walsh, and against all plaintiffs on all plaintiffs' claims, except the claim for breach of fiduciary duty. The jury was unable to agree upon a unanimous verdict on the breach of fiduciary duty claim and a mistrial was declared only on that claim. The jury also returned verdicts in favor of Plaintiff, Juliann Sanchez, against Michael and Sammye Richardson on all Ms. Sanchez's claims. On November 1, 2001, the jury returned the attached verdicts marked Ex. B., incorporated by this reference, for Juliann Sanchez, awarding $360,000 in compensatory damages against Michael Richardson and Sammye Richardson and $500,000 in punitive damages against Michael Richardson and $500,000 in punitive damages against Sammye Richardson for a total of $1,000,000 in punitive damages.
>
> By separate written statement of decision filed February 13, 2002, defendants First American Title and Nancy Walsh's renewed motion for judgment as a matter of law was granted as to the mistried fiduciary duty claim. Michael and Sammye Richardson's motion for a new trial was denied on all grounds except one; a motion for new trial was conditionally granted on the sole issue of the claim of excessive punitive damages, unless Juliann Sanchez accepted a remititur [sic] in punitive damages to $200,000 against Sammye Richardson and $160,000 against Michael Richardson. Juliann Sanchez accepted the remittitur [sic] by written acceptance filed February 22, 2002.
>
> Based on the verdicts of the jury and the court's ruling on defendants' motion for judgment as a matter of law on the breach of

6

> fiduciary duty claim; IT IS ORDERED, JUDGMENT is entered in favor of the defendants, First American Title Company and Nancy Walsh, and against all plaintiffs on all plaintiffs' claims.
>
> FURTHER ORDERED:
>
> JUDGMENT IS ENTERED in favor of Juliann Sanchez and against Michael Richardson and Sammye Richardson.  Juliann Sanchez shall recover from Michael Richardson and Sammye Richardson:
>
> > 1.  Compensatory damages in the amount of $360,000.00;
> >
> > 2.  Punitive damages from Michael Richardson of $160,000.00; and
> >
> > 3.  Punitive damages from Sammye Richardson of $200,000.00.
>
> FURTHER ORDERED:
>
> Defendants, First American Title Company and Nancy Walsh, shall recover their costs of suit from and against all plaintiffs, in accordance with Local Rule 54-292.
>
> Juliann Sanchez shall recover her costs of suit against from [sic] and against Michael and Sammye Richardson in accordance with Local Rule 54-292.

The Richardsons filed a Notice of Appeal on March 5, 2002 (Doc. 1169).  The Ninth Circuit assigned the appeal case number 02-15454 (Doc. 1173).  The Richardsons' appeal from the Final Judgment was dismissed by the Ninth Circuit for failure to file an opening brief on December 2, 2002 (Doc. 1332).

Three separate petitions for certiorari to review the Ninth Circuit's dismissal of the Richardsons' appeal from the Final Judgment were then filed by the Richardsons in the United States

Supreme Court: *Richard Sanders, et al. v. First American Title Ins. Co., et al.,* Case No. 03-294; *Sammye A. Richardson v. First American Title Ins. Co., et al.*, Case No. 03-5619; and *Michael Richardson v. First American Title Ins. Co., et al.*, Case No. 03-7128.  The Supreme Court denied Richard Sanders' petition and Sammye A. Richardson's petition on November 8, 2003.  Michael Richardson's petition was denied on January 12, 2004.  Sammye Richardson's petition for rehearing was denied January 26, 2004 and Michael Richardson's petition for rehearing was denied on March 8, 2004.

On August 9, 2001, Sammye Richardson dba Rock of Gibralter LLC filed a voluntary petition pursuant to Chapter 13 in the United States Bankruptcy Court for the Eastern District of California, Case No. 01-17521-A-13.  Juliann Sanchez's motion for relief from the automatic stay was granted by Order filed on August 14, 2001.  By Order filed on January 14, 2002, the trustee's motion to dismiss the Chapter 13 case was granted and Sammye Richardson's motion to convert the Chapter 13 case to a Chapter 11 case was denied.  Although Sammye Richardson filed a Notice of Appeal to the Ninth Circuit Bankruptcy Appellate Panel, she subsequently moved to dismiss that appeal.  By Order filed on March 8, 2002, the BAP dismissed the appeal for failure to prosecute.  On July 9, 2003, an Order to close the case was entered and the case was closed.

On January 17, 2002, Sammye Richardson dba MR Investments and Sammye Richardson filed a voluntary petition pursuant to

1  Chapter 11 in the United States Bankruptcy Court for the Eastern
2  District of California, Case No. 02-10465.  By Order filed on
3  March 29, 2002, the Chapter 11 case was converted to a Chapter 7
4  case.  By Minute Order filed on April 24, 2002, Juliann
5  Sanchez's motion for relief from the automatic stay was granted.
6  By Order filed on June 1, 2005, the discharge of Sammye
7  Richardson was denied in her Chapter 7 case. Following the order
8  denying Sammye Richardson's discharge, voluminous proceedings
9  occurred in this bankruptcy, including the filing by Sammye
10 Richardson and Michael Richardson of several interlocutory
11 appeals, all of which were dismissed for various reasons,
12 including the failure to comply with court orders.  Eventually,
13 the Bankruptcy Court declared the Richardsons to be vexatious
14 litigants and sanctioned them approximately $30,000.  This
15 bankruptcy was closed on October 26, 2007.
16     On January 18, 2002, Michael Richardson filed a voluntary
17 petition pursuant to Chapter 11 in the United States Bankruptcy
18 Court for the Eastern District of California, Case No. 02-10810.
19 By Order filed on March 29, 2002, the Chapter 11 case was
20 converted to a Chapter 7 case.  On April 30, 2002, Juliann
21 Sanchez's motion for relief from the automatic stay was granted.
22 By Order filed on June 1, 2005, the discharge of Michael
23 Richardson in the Chapter 7 case was denied.
24     On August 13, 2004, the Richardsons filed a motion for
25 relief from judgment pursuant to Rule 60(b)(6).  (Doc. 1509).
26 The Richardsons' Rule 60(b) motion has been denied by Memorandum

Decision and Order.

B. **MERITS OF THE RICHARDSONS' MOTION**.

The Richardsons raise numerous objections to the Abstract of Judgment, most of which are scarcely comprehensible and irrelevant and none of which have merit.

The Richardsons move to set aside the Abstract of Judgment on the ground that they were not served. The Richardsons believe that the judgment creditor was required to file a notice of motion and motion before the Abstract of Judgment could be issued.

The Richardsons' position is incorrect. The Abstract of Judgment is not issued pursuant to court order following a motion and hearing, but, under Rule 69, Federal Rules of Civil Procedure, is issued pursuant to California Code of Civil Procedure § 674.

Pursuant to California Code of Civil Procedure § 674(a):

> Except as otherwise provided in Section 4506 of the Family Code, an abstract of a judgment or decree requiring the payment of money shall be certified by the clerk of the court where the judgment or decree was entered and shall contain all of the following:
>
> (1) The title of the court where the judgment or decree is entered and cause and number of the action.
>
> (2) The date of entry of the judgment or decree and of any renewals of the judgment or decree and where entered in the records of the court.
>
> (3) The name and last known address of the judgment debtor and the address at which the summons was either personally served or

    mailed to the judgment debtor or the judgment debtor's attorney of record.

    (4) The name and address of the judgment creditor.

    (5) The amount of the judgment or decree as entered or as last renewed.

    (6) The social security number and driver's license if they are known to the judgment creditor. If either or both of those numbers are not known to the judgment creditor, that fact shall be indicated on the abstract of judgment.

    (7) Whether a stay of enforcement has been ordered by the court and, if so, the date the stay ends.

    (8) The date of issuance of the abstract.

  All of this information is stated on the Abstract of Judgment issued on September 19, 2007. The listing of all of this information puts to rest the Richardsons' contention in their Affidavit (Doc. 1631) that "[t]he true names of the Party making the abstract are unknown," that "[t]he legal basis for the application for the Abstract is unknown," that "[t]he amount of abstract and its basis is [sic] unknown," and that "[t]he person who this abstract gives legal rights to is unknown thus far."

  Section 674 also answers the Richardsons' contention that an Abstract of Judgment cannot be issued in a "closed" case. The Richardsons cite no authority to support this contention. Of necessity, any case in which a Final Judgment has been entered is closed.

  The Richardsons contend that "[v]enue is wrong and current jurisdiction is wrong based on where opposition's principals,

associates, assigns, assignees, partners, beneficiaries etc. retain their corporate headquarters and offices and such offering sworn to through the affidavit of Sammye Richardson, and Michael Richardson."  The Richardsons' Affidavit states: "Abstract fails to justify Venue and Jurisdiction is in contradiction of this court's November 07, 2001 Memorandum and June 16, 2005 transcript where the court confirms it has no injunction or jurisdiction against the Richardson's or their innocent entities."

Venue and personal jurisdiction are irrelevant to the issuance of the Abstract of Judgment because the Abstract of Judgment must be issued by the Court in which the Final Judgment was entered.  Further, because the Richardsons commenced this action in this district, the Richardsons cannot, seven years later, after final judgment was entered, be heard to challenge venue or personal jurisdiction in the Eastern District of California.  The Richardson's reference to the Court's November 7, 2001 Memorandum is the "Memorandum Decision Re: Plaintiffs' Motion in Limine No. 5 to Dismiss Rock of Gibralter and Cross-Claimants' Motion for Entry of Default Judgment" (Doc. 1129). At issue in the November 7, 2001 Memorandum Decision was whether Rock of Gibralter was properly served in this action and whether the Richardsons had standing to challenge personal jurisdiction over Rock of Gibralter.  Because Rock of Gibralter was not properly served, the motion for entry of default judgment against Rock of Gibralter filed by Juliann Sanchez was denied.  Because the Richardsons lacked standing to raise the personal

jurisdiction issue on behalf of Rock of Gibralter, an LLC, the Richardsons' motion to dismiss Rock of Gibralter was denied. There is nothing in the November 7, 2001 Memorandum Decision even remotely relevant to the Richardsons' challenge to the Abstract of Judgment issued on September 19, 2007.  No judgment was entered against Rock of Gibralter.

The Richardsons' reference to a June 16, 2005 transcript is the transcript of a further hearing on the Richardsons' motion for relief from judgment pursuant to Rule 60(b)(6) is baseless. There was no hearing in this action on June 16, 2005.  There was a hearing on June 20, 2005 at which the Richardsons made no appearance.  (Doc. 1606).  No transcript of the June 20, 2005 hearing has filed.

Further, the Richardsons' contention made at the November 19, 2007 hearing that Rock of Gibralter was discharged from the Richardsons' bankruptcies reveals a fundamental misunderstanding of the Abstracts of Judgment.  On February 13, 2003, Bankruptcy Judge Rimel granted the Bankruptcy Trustee's motion in both Sammye Richardson and Michael Richardson's bankruptcy proceedings "to abandon the personal property interest of Rock of Gibralter, LLC, effective as of the date each debtor filed their respective bankruptcy cases."  In this case, the Abstracts of Judgment are against Michael A. Richardson and Sammye A. Richardson, not Rock of Gibralter.

The Richardsons assert that Caswell, Bell & Hillison, referred to by the Richardsons as CB&H, "timing of attempting to

13

1  seek cover under instant abstract for *after the fact* actions
2  cause an argument to be made for evidentiary hearings to address
3  the very foundation of an Abstract of Judgment that Prima fascia
4  [sic] appears to be either legally moot and or motivated by other
5  than economic reasons against a [sic] insolvent person."

6      This argument makes little sense.  An Abstract of Judgment
7  was issued on behalf of Juliann Sanchez, the judgment creditor,
8  on June 28, 2005 (Doc. 1610).  The Abstract of Judgment recorded
9  in the County of Santa Barbara was filed in this Court on October
10 17, 2005.  However, no Acknowledgment of Satisfaction of Judgment
11 has been filed by Juliann Sanchez.  There is no evidence that the
12 Final Judgment in favor of Juliann Sanchez has been satisfied by
13 the Richardsons.  That the Richardsons claim to be insolvent is
14 irrelevant because they were not discharged in their various
15 bankruptcies and those bankruptcy proceedings are now terminated.

16     The Richardsons assert:

> 1.  Compliance with Local Rule 37-3.04 [sic]:
> This motion is made following the conference
> of Counsel for ('CB&H') and Counsel in Pro se
> ('MRI') pursuant to Local Rule 37-304 [sic],
> which took place via telephone between August
> 27, 2007 and September 12, 2007, whereby pro
> se Counsel for ('MRI') and Counsel for
> ('CB&H') were unable to resolve the issue of
> unlawful duplicative debt collection
> practices in the face of a joint [sic] at the
> hip from of ('CB&H')('FATCO') who ignored
> demands to stop harassment with duplicative
> and unlawful debt collection practices.
>
> 2.  ('MRI') is unsure as the exact timing of
> the recording of the Abstract on September
> 12, 2007.  Notice and Motion and Memorandum
> of points and authorities, is therefore
> entered to move court to dismiss this order

          **for lack of Standing of all parties to concede to this order.**

          **3. Courts concedes dismissal as remedy for lack of precedence to haul ex plaintiff's/parties [sic] and non parties at will to bully, threaten, abuse, intimidate without Jurisdiction, legal foundation or standing to subject the same to duplicative burdensome abstract of judgments invokes [Fed. R. Civ. P. 59(e)]; Fed. R. Civ. P. 60(b)] remedies in favor of ('MRI').**

**First of all, there is no Local Rule 37-304. It appears that the Richardsons meant to refer to Local Rule 37-251. Local Rule 37-251 has no application to the issuance of an Abstract of Judgment. Local Rule 37-251 pertains to motions dealing with discovery matters. No discovery is involved in the issuance of an Abstract of Judgment. Secondly, the Abstract of Judgment pertains to the Final Judgment entered in favor of Juliann Sanchez. CB&H's only involvement is as counsel of record for Juliann Sanchez. Sanchez's application for an award of attorneys' fees was denied on May 21, 2003 (Doc. 1410). Thirdly, the Richardsons' reliance on Rule 59(e), Federal Rules of Civil Procedure, is misplaced. Rule 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." That time has long since passed and the court has no power to extend the time for filing a Rule 59(e) motion. *Harman v. Harper*, 7 F.3d 1455, 1458 (9th Cir.1993), *cert. denied*, 513 U.S. 814 (1994). Rule 60(b), Federal Rules of Civil Procedure, also has no application to the issuance of the Abstract of Judgment. Rule 60(b) specifically**

provides that "[a] motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation."

The Richardsons assert that "[t]his Court gave an Abstract of Judgment for interest upon interest on a barred claim in a closed case for a claim barred by bankruptcy and other legal issues such as Arbitration clause contracts and when Judge signed the order he lacked Personal Jurisdiction, General and Specific Jurisdiction over each and every party."  The Abstract of Judgment is self-executing.  It is not "given" by the Court.  It issues upon completion and filing of the abstract with the Court as required by law.  The Richardsons also make various obscure references to Title 11 and to proceedings in the Bankruptcy Court.  Title 11, which pertains to proceedings in bankruptcy, is irrelevant to the issuance of the Abstract of Judgment or to proceedings in this court.  All of the Richardsons' appeals from the bankruptcy proceedings have been denied or dismissed and there is no current appeal proceeding.

The Richardsons assert:

> *After the fact* rulings by the Fresno Division Eastern District to cover-up mistakes and judicial errors of the Bankruptcy Court, in a moot choice of Forum should not be allowed to give anything to ('CB&H') because no current Operative Facts occurred in this venue in the last five years to give rise to ('CB&H') to go seek to re-encumbering debts already collected multiple times since 1999 or had the opportunity and recklessly squandered it *at will.*

The Richardsons' positions are without merit.  The rulings of the Bankruptcy Court are now final.  Juliann Sanchez filed a

1 claim in the Sammye Richardson bankruptcy, Case No. 02-10465.
2 The Trustee, Randall Parker, objected to the claim as untimely.
3 By Order filed on March 30, 2006, the Bankruptcy Court overruled
4 the objection and ruled that "[t]he claim filed by Juliann
5 Sanchez, Claim No. 35, is allowed."  In the Trustee's Final
6 Report, Juliann Sanchez's claim of $720,000 was allowed with a
7 proposed payment of $3,842.46.  The Final Report was approved by
8 Order filed on May 16, 2007.  In the Trustee's Final Account and
9 Request for Entry of Final Decree filed on September 24, 2007,
10 Juliann Sanchez's claim of $720,000 was allowed with a proposed
11 payment of zero.  Juliann Sanchez is entitled to recover on that
12 Final Judgment because she received nothing against that claim
13 from the Bankruptcy Court.

14   The Richardsons assert that if this case is not dismissed by
15 the Court:

> then the clerk of the Court Marian [sic]
> Matherly is instructed to Transfer This
> Matter to the multi-district panel to address
> unfair competition, new evidence of bribery
> to developers to intercept ('MRI') right to
> build, rent their houses and sell third party
> Real Estate through these bribed
> developers/Agents under ('MRI') name as a tax
> evasion and money laundering scheme to take
> over a 2004-2006 estimated estate at forty
> million dollars or more value, according to
> comparables; so as to officially claim that
> Julian Felix now needs Nine Hundred thousand
> dollars out of nowhere in a judicial vacuum
> through fraudulently concealed facts,
> guarantees jurisdictional guidance to be
> governed by Title 28 U.S.C. § 1407(a)(b)(c)
> et seq.(d); and the CLAYTON ACT for Due
> Process and First, Seventh and Fourteenth
> Amendment violations.

17

Although the Richardsons do not accept that there is a Final Judgment against them in this action, when they filed their case in this district, they were represented by licensed and practicing attorneys. There is no basis for multi-district litigation pursuant to 28 U.S.C. § 1407. Furthermore, neither this Court nor the Clerk of the Court has the authority to make such a transfer. That can only be done by the judicial panel on multi-district litigation. *See* 28 U.S.C. § 1407(a) and (c).

The Richardsons assert that "('CB&H') shall concede to this dismissal if it fails to answer each and every issue raised by this pleading according to Federal Rules governing the laws under which this pleading is filed."

The Richardsons cannot, by the vehicle of raising frivolous and meritless legal and factual issues, compel a party to incur unnecessary legal expense in responding. Only the Court can decide the issues before it. The Court will not, absent an express concession on the record of the merit of the issue by the opposing party, rule against that party simply because of the failure to specifically respond.

## CONCLUSION

For all the reasons stated above:

1. The Richardsons' motion for relief from Abstract of Judgment (Doc. 1630) is DENIED;

2. No further pleadings by Michael A. Richardson and/or Sammye A. Richardson invoking the jurisdiction of this Court in connection with their motion from relief of Abstract of Judgment

18

**shall be accepted for filing by the Clerk of the Court and the Clerk of the Court is directed to return any such filings to the Richardsons.**

    IT IS SO ORDERED.

**Dated:   September 23, 2008**          /s/ Oliver W. Wanger
                                                  UNITED STATES DISTRICT JUDGE